UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDUARDO SANCHEZ
VASQUEZ,

      Petitioner,

v.                                                                Case No.   2:26-cv-2091-SPC-NPM

WARDEN, GLADES COUNTY
DETENTION CENTER, et al.,

      Respondents.

_____/

## OPINION AND ORDER

Before the Court are Petitioner Eduardo Sanchez Vasquez's petition for writ of habeas corpus (Doc. 1) and the government's response (Doc. 6). Sanchez Vasquez challenges his continued civil immigration detention without an individualized bond hearing. (Doc. 1). But because Sanchez Vasquez seeks relief that this Court can no longer provide, his petition must be dismissed as moot.

## I.     Background

Sanchez Vasquez is a native and citizen of Mexico who has resided in the United States for more than a decade. (Doc. 1 at 4). On December 12, 2022, an immigration judge ordered him removed from the United States. (Doc. 6 at 2). Sanchez Vasquez appealed the order to the Board of Immigration Appeals.

(*Id.*) At some point thereafter, he was released from custody. However, on April 9, 2026, Sanchez Vasquez was encountered by Immigration and Customs Enforcement (ICE) officers after a traffic stop by local law enforcement, and he was taken into immigration custody. (*Id.*)

On May 7, 2026—while the appeal of his order of removal was still pending—Sanchez Vasquez received an individualized bond hearing at which the immigration judge denied bond, finding that he was both a danger to the community and a flight risk. (Doc. 1 at 5; Doc. 6-1 at 7–8).

On June 24, 2026, the Board of Immigration Appeals affirmed Sanchez Vasquez's order of removal, which became final on that date. (Doc. 6 at 2).  One day later, on June 25, 2026, he filed this habeas petition. (Doc. 1).

## II.    Discussion

Sanchez Vasquez disagrees with the outcome of his bond hearing and seeks either immediate release or "a new constitutionally adequate bond hearing at which DHS hears the burden of proving by clear and convincing evidence that detention remains necessary." (Doc. 1 at 8–9). However, this Court can no longer provide the relief Sanchez Vasquez requests.

Once Sanchez Vasquez's order of removal became final, he was no longer being held under 8 U.S.C. § 1226 because that statute only governs detention prior to a final removal order. Title 8 U.S.C. § 1231, an entirely different statute, controls the detention and removal of a noncitizen subject to a final

order of removal, and Sanchez Vasquez became subject to § 1231 on June 24, 2026. Section 1231(a) provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). But during this 90-day removal period, the alien's detention is mandatory. *See* 8 U.S.C. § 1231(a)(2).

Because the government is no longer detaining Sanchez Vasquez under § 1226, this Court cannot consider whether he is entitled to a second bond hearing or whether the earlier bond hearing implicated due process concerns. Any opinions on these matters would be purely advisory in nature. In short, this petition has become moot. *See Al Najjar v Ashcroft*, 273 F.3d 1330, 1339 (11th Cir. 2001)(noting that the "case or controversy" requirement of Article III unambiguously forbids us from considering the question in the absence of a live dispute).

The facts of this case do not fall within the "narrow [mootness] exception for actions that are capable of repetition yet evading review." *Al Najjar*, 273 F.3d at 1340. Sanchez Vasquez does not argue that his post-removal-order detention under § 1231 has become unduly prolonged, and any argument at this point would be premature. *See Zadvydas v. Davis*, 533 U.S. 678 (2001) (finding a presumptive six-month limit to reasonable post-removal-period detention). Moreover, should Sanchez Vasquez's final order of removal be

3

vacated and he is once again held under 8 U.S.C. § 1226, he can file another petition seeking an individualized bond hearing.

In sum, Sanchez Vasquez is now held under the mandatory provisions of 8 U.S.C. § 1231, and this Court is powerless to release him or order another § 1226 bond hearing at this time. Thus, the petition must be dismissed.

Accordingly, it is hereby **ORDERED:**

1.      Eduardo Sanchez Vasquez's Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED** as moot.

2.      The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on July 16, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record